Nash, J.
 

 This was an action on the case, and the declaration contained two counts, one in Trover and the other in Tort for negligence.
 

 This case is, the defendant was owner of a vessel, on board of which the plaintiff shipped six hundred and fifteen bushels of corn, to be delivered in Norfolk to his agent, lor which the consignor was to pay an agreed freight. The agent or consignee was no further instructed, than to receive and sell the corn, and pay over the proceeds to the plaintiff. The agent of the defendant, who received the corn on board the vessel, gave a bill of lading, and, through mistake, stated the quantity to be
 
 *304
 
 eight hundred bushels. This mistake was rectified by the plaintiff, in the absence of the defendant, by striking out the quantity mentioned in the bill of lading, and inserting the true amount. The day after the corn was received, the vessel sunk — and the corn having been gotten up by the defendant, was by him sold in its damaged state. The action is brought to recover the value oí the corn, at the place of shipment.
 

 On the part of the defendant, it was contended, that the plaintiff could not recover, in consequence of the alteration by him, in the absence of the defendant, of the bill of lading, whereby it was destroyed; and his counsel requested the presiding Judge so to instruct the jury. This he declined to do, but charged them, if the alteration was made in good faith — to make the bill of lading speak the truth, it was not thereby rendered void, and the plaintiff was entitled to a verdict.' It is not necessary for us to express any opinion of the correctness of this proposition of his Honor. The question on the alteration of the bill of lading, did not arise in the case. The action is brought, not on the contract, but in Tort. The bill of lading was no further of importance, than to show that the corn had been received by the defendant; and the case states, that such was the fact. The injury to the corn is not controverted, nor is it questioned, that, by the law, the defendant is answerable in damages. The only point sent to us is as to the alteration of the bill of lading. In this case, it is entirely unimportant. The plaintiff could maintain his action, and was entitled to his verdict upon his proofs, independent of the bill of lading.
 

 PeR Curiam. Judgment affirmed.